UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Clarence T. Fox, Jr., # 08816-017, | ) | C/A No. 2:11-94-HFF-RSC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Darlene Drew, Warden | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Clarence T. Fox, Jr., proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at FCI Bennettsville, a facility of the Federal Bureau of Prisons ("BOP"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner alleges that the Federal Bureau of Prisons is unlawfully executing his sentence.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319,

---

1) Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

1

324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* Petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, even under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, even if Petitioner had paid the full filing fee, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases. *See also* Rule 1(b) of

Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

<u>Discussion</u>

Petitioner is currently serving a life sentence and a concurrent sentence of two hundred and forty (240) months imposed by the United States District Court for the Northern District of Florida for drug offenses in Criminal Case No. 89-01018-04-MMP. *See* ECF No.1, pp.31-33. Petitioner has filed several previous habeas actions in this Court pursuant to 28 U.S.C. § 2241 raising almost identical arguments. *See Fox v. Holder*, C/A No. 2:10-2168-HFF-RSC (D.S.C. Sept. 22, 2010); *Fox v. Drew*, C/A No. 2:10-780-HFF-RSC, 2010 WL 1755654 (D.S.C. April 29, 2010), *aff'd* No. 10-6692, 2010 WL 3938247(4th Cir. Oct. 5, 2010); *Fox v. Drew*, C/A No. 2:09-1868-HFF-RSC, 2009 WL 2381304 (D.S.C. Aug. 3, 2009), *aff'd* 361 Fed.Appx. 495(4th Cir. Jan. 21, 2010); *Fox v. Rivera*, C/A No. 2:07-3051-GRA-RSC, 2007 WL 3273551 (D.S.C. Nov. 2, 2007), *aff'd* 279 Fed.Appx. 280(4th Cir. May 27, 2008). It is appropriate for this Court to take judicial notice of Petitioner's prior cases. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that

3

'the most frequent use of judicial notice is in noticing the content of court records.'"). This Court has already adjudicated the issues raised by Petitioner's current § 2241 Petition, and thus, his current Petition should be dismissed for the same reasons set forth in the prior proceedings. Moreover, as noted above, in several cases the Fourth Circuit Court of Appeals has affirmed this District Court's dismissal of Petitioner's similar § 2241 actions.

Petitioner brings this current habeas action pursuant to 28 U.S.C. § 2241 based on the Federal Bureau of Prisons' alleged failure to consult with the sentencing court, the Northern District of Florida, to "ascertain a 'date of offense' to compute the petitioner's sentence." Petitioner alleges that his "Judgment and Commitment order form is void of a 'date of offense' and does not stipulate that the sentence was imposed for an offense committed on or after November 1, 1987." Petitioner explains that his Judgment and Commitment Order "only shows that the sentence was imposed for an [sic] judgment pursuant to the Sentencing Reform Act of 1984." It appears that Petitioner is seeking to establish that his "date of offense" was prior to November 1, 1987, because then he will be eligible for parole. Although Petitioner states that his sentence is "valid," he is still attacking his Judgment and Commitment Order as being in error for its failure to state on its face Petitioner's "date of offense." In other words, Petitioner does allege an error by the sentencing court which occurred in Petitioner's criminal

4

case. Such a claim must be raised in the sentencing court pursuant to 28 U.S.C. § 2255 to permit the sentencing court to correct its own error, if it was an error. Therefore, Petitioner's claims are not cognizable in this Court in a § 2241 proceeding. *See, e.g., Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212, *2 (D.S.C. April 7, 2009) (explaining the difference between § 2241 and § 2255).

Additionally, the savings clause of § 2255 does not apply. The § 2255 savings clause permits a district court to consider a § 2241 petition challenging the validity of a petitioner's detention when a § 2255 petition is "inadequate or ineffective to test the legality of his detention." *Id.* (citing 28 U.S.C. § 2255). The Fourth Circuit Court of Appeals held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In one scenario the Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the

5

> substantive law changed such that the conduct of which
> the prisoner was convicted is deemed not to be criminal;
> and (3) the prisoner cannot satisfy the gatekeeping
> provisions of § 2255 because the new rule is not one of
> constitutional law.

*Jones*, 226 F.3d at 333-34.  Notably, the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255.  *See Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, *2 (D.S.C. Sept. 18, 2006).  Here, Petitioner does not appear to allege any facts or circumstances that would bring his case within the savings clause.

Recommendation

Accordingly, it is recommended that the District Court dismiss the Petition in the above-captioned case *without prejudice* and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and Rule 4 and 1(b) of the Rules Governing § 2254 Cases ([i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner).  ***Petitioner's attention is directed to the important notice on the next page.***

January __31__, 2011
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).